## ELLIS v. CAMPBELL.

Opinion delivered December 16, 1907.

PARTITION—ENFORCEMENT OF VERBAL AGREEMENT.—Where a brother and sister, during their mother's lifetime, and with her consent, made a parol partition of their deceased father's homestead, and each took possession and made permanent improvements, the agreement is taken out of the statute of frauds, and will be enforced after the mother's death.

Appeal from Clay Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

Appellants, father and son, brought this action, September 6, 1905, against appellee, J. H. Campbell, and wife, for the partition of two hundred acres of land in Clay County. Appellee answered with a cross-bill for the confirmation of a prior parol partition between him and his sister, Nannie, in her lifetime, she having been the wife of one of the appellants, the

mother of the other. Certain facts are undisputed. , James Campbell died in 1876, the owner of the premises, which constituted his homestead. He left him surviving E. M. Campbell, his widow, and the appellee, J. H. Campbell, a son, and Nannie Campbell, a daughter. These latter were his only heirs-at-law. The daughter subsequently married Henry Mack, by whom she had no children. After his death she married the appellant Robert S. Ellis, and the appellant Robert H. Ellis was the only issue of their marriage, and consequently the sole heir of his mother. Mrs. Ellis died intestate in September, 1903; her mother, the widow of James Campbell, about a month previous.

No allotment of the widow's dower was ever made. During all the time of her widowhood from 1876 to the time of her death, August, 1903, the widow, E. M. Campbell, continued to reside on said land, a part of the time with appellee J. H. Campbell, and a part of the time with her daughter, Nannie Campbell.

Appellee contended that there had been a parol partition between him and his sister. Appellants denied this, and contended that, even if such partition had been made, it was not binding in law. The court upon the testimony adduced made the following findings and decree: "that in 1888 the brother and sister, in conjunction with the mother, and with her consent, had divided these lands in accordance with the contention of appellee, and that, after the same had been made, the parties each took possession of the respective portions of the premises so assigned to them, and since that time have been in actual, open, visible, adverse possession of their respective tracts, claiming the title, and had made valuable and lasting improvements thereon; and decreed a confirmation of the oral partition, and vested and divested title accordingly.

*Moore, Spence & Dudley,* for appellees.

1. Until the assignment of dower, the heirs at law were entitled to possession of no part of the real estate except by the widow's consent. No dower having been assigned, she was entitled to the rents and profits until her death; and by virtue of her homestead rights as well as dower rights she was entitled to possession of the whole tract. She could not relinquish

her homestead and dower rights by parol, but only by deed. 58 Ark. 298; 56 L. R. A. 77; 31 Ark. 145; 74 Ga. 132; .86 Mo. 544; 112 Mo. 649; Kirby's Digest, § 2654; *Id.* § 731; 60 Ark. 461.

2. There is no such possession or seizin in fact on the part of the heirs in this case as to take a parol agreement between them to divide the land and each take possession of one part to the exclusion of the other out of the statute of frauds. 44 Ark. 79; 78 Ark. 95; Tiedeman on Real Prop. § 24; *Id.* 396; 29 Me. 162; N. H. 93.

*J. D. Block,* for appellees; *F. H. Sullivan,* of counsel.

1. The partition as between the brother and sister was at the suggestion of the mother and by her consent. True, their possession, during the lifetime of the mother, was permissive; but there is no rule of law preventing present tenants at will, who own the reversion in fee, from agreeing amongst themselves for a present separation both of the tenancy and the reversion. Under the facts here, the court is justified in its finding and decree. 20 Ark. 615; 77 Ark. 309; Freeman on Cotenancy and Part. (2 Ed.), § 402; 21 Am. & Eng. Enc. of L. (2 Ed.), 1139.

2. Exclusive possession, following a parol agreement for partition, takes the agreement out of the statute of fraud; likewise permanent and valuable improvements. 64 Ark. 19; 21 Ark. 110; 19 Ark. 23; 1 Ark. 391; 34 Ark. 478.

3. Co-tenants are estopped to dispute the common title. In this case neither the parties to the original partition, nor any one claiming under them, can be heard now to set up the rights of the widow as against the performance of the agreement. 21 Ark. 160; Freeman on Co-tenancy and Part. § 161; 103 Ind. 410. Nor does the fact that one of the parties to the agreement was a married woman invalidate it. 65 Fed. 742; 70 Fed. 563; 2 Clarke (Pa.), 161; 48 Pa. St. 345; 69 Tex. 395.

WOOD, J., (after stating the facts.) The findings of fact by the chancery court are in accord with the decided preponderance of the evidence. Mr. Freeman lays down the rule that "whatever effect may be conceded at law to parol partitions, it is quite certain that, when executed by taking possession thereunder, they will be recognized and enforced in equity, particu-

larly when such partition and the possession based upon it have been mutually acquiesced in by the parties for a considerable period." Freeman, Co-tenancy & Partition, § 402; 21 Am. & Eng. Enc. Law (2 Ed.), 1139. But in this case there was not only possession taken by the brother and sister, as the court found, but each made lasting and permanent improvements, and the making of improvements of that character is in and of itself such performance as takes a contract out of the statute of frauds. *Mooney* v. *Rowland,* 64 Ark. 19.

Upon the facts of this case, it certainly does not lie in the mouth of either of the children of Mrs. Campbell, or those succeeding to their rights, to repudiate the contract they had made and executed with each other.

We need not inquire whether the brother and sister had the technical right to give each other pedal possession. They made the agreement with each other concerning their reversionary interest in the property. The mother was consenting, and they each acted upon the agreement for partition by taking possession and making valuable improvements. The mother is dead, and her life estate of dower and the homestead right passed out with her death. The brother and sister and those claiming under the latter (appellants) are plainly estopped by their conduct. See *Folts* v. *Wert,* 103 Ind. 410.

Affirmed.